IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE RAQUINIO, | CIV. NO. 20-00540 ACK-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |
| KOANAIKI RESORT, DAVID REESE,  KOANAIKI REALTY, | |
| Defendants. | |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND
DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

Before the Court is pro se Plaintiff Noe Raquinio's Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), filed on December 9, 2020.  ECF No. 2.  Plaintiff seeks to proceed In Forma Pauperis on the Complaint (ECF No. 1).  Plaintiff also filed three documents he refers to as Plaintiff's Memorandum of Law.  ECF Nos. 4, 6 & 7.  These three documents were filed on December 27, 2020 (ECF No. 4), December 28, 2020 (ECF No. 6) and January 4, 2021 (ECF No. 7) (collectively "Memoranda").  Without determining whether the information in these documents are accurate, it appears these documents outline the elements of and case law on negligence.

The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful review of the Application, Complaint, record in this case, and applicable law, this Court FINDS that the Complaint fails to state a claim on which relief may be granted and should be DISMISSED WITHOUT PREJUDICE with leave to amend.  The Court further RECOMMENDS that the Application is moot and be DENIED WITHOUT PREJUDICE.

<u>DISCUSSION</u>

Plaintiff seeks the Court's approval to proceed in forma pauperis.  A court may authorize the commencement or prosecution of any suit or civil proceeding without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  However, "the court shall dismiss the case at any time if the court determines that--"

(A)  The allegation of poverty is untrue; or

(B)  The action or appeal--

    (i)   Is frivolous or malicious;

    (ii)  Fails to state a claim on which relief may be granted; or

    (iii) Seeks monetary relief against a defendant who is immune from such relief.

Id.  A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the complaint that the action fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).

In the complaint, Plaintiff indicates that this Court has federal question jurisdiction over this case pursuant to 18 U.S.C. § 241, conspiracy against rights. Plaintiff's statement of claim, in its entirety, is as follows:

> Resort Security and Police Officer Conspired against me and Resorts Actioned that started the controversy.  Officer and Resort communitude threw Private cell phone.  I called it in 911 who dispatched the real police.  who arrived a few minute behind the Bad Cop.  Bad Cop arrived by himself, to the scene with no back up as witness.[1]

ECF No. 1 at p. 5.  The Complaint also states that Plaintiff seeks monetary relief for damages such as bodily injury and pain and suffering.  Under Section 241 of the United States Code:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

---

[1] Plaintiff's statement of claim is handwritten and portions of it are illegible and grammatically incorrect.  Plaintiff's statement has been reproduced here as accurately as possible, including all mistakes in the original.

> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 241.  The factual allegations in the Complaint are not clear.  It appears that some confrontation occurred among Plaintiff and the defendants.

Nevertheless, even if this Court construes the legible portions liberally, the allegations in the Complaint fall short of stating or supporting any claim. Section 241 is a criminal statute.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Plaintiff filed his criminal claim under Section 241 as a civil matter.  A civil complaint cannot be used to state a claim for the violation of a criminal statute.  Id.  The violation of a federal criminal statute does not provide for a private cause of action.  DeAlcantara, 2016 WL 6518618, at *2 (citing United States v. Oguaju, 76 Fed. Appx. 579, 581 (6th Cir. 2003)).  As such, "federal criminal law [can] be enforced only by a federal prosecutor, not by any private party.  DeAlcantara v. Shigemura, Civ. No. 16-00586 JMS-KSC, 2016 WL 6518618, at *2 (D. Haw. 2016) (citing Shaw v. Louie, Civ. No. 13-00673 HG-RLP, 2013 WL 6624153, at *3 (D. Haw. 2012)).  In addition, "criminal provisions . . . provide no basis for civil liability."  Aldabe, 616 F.2d at 1092.  Accordingly,

this Court FINDS that the Complaint fails to state a claim on which relief may be granted and RECOMMENDS that the Complaint be DISMISSED WITHOUT PREJUDICE.

Plaintiff also filed three Memoranda that appear to be a summary of the law on negligence. ECF Nos. 4, 6 & 7. These Memoranda do not request any specific relief, and there is no indication that Plaintiff intended these Memoranda to be motions. Discovery and other documents should not be submitted for filing "until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1). Plaintiff is informed that the Court docket shall not serve as a repository for Plaintiff's documents, and Plaintiff should refrain from filing documents unless the Court orders or said documents pertain to a motion. Accordingly, the Court strikes the Memoranda (ECF Nos. 4, 6 & 7) from the record. If Plaintiff intended these documents to be amendments to the Complaint, then Plaintiff must clearly indicate as such and must comply with all applicable rules, especially Rule 15 of the Federal Rules of Civil Procedure.

If Plaintiff seeks to amend the Complaint, Plaintiff must do so according to the requirements under Rule 15. One of these requirements is that Plaintiff must reproduce the entire pleading as amended and may not incorporate by reference any other document, including any prior pleading. LR10.4. Plaintiff should write as legibly as possible and should also submit any proposed amended pleading in redlined format as required by LR10.4.

Plaintiff should also consider whether federal or state court is the proper forum for Plaintiff's claims.  Federal courts have limited subject matter jurisdiction.  It seems that Plaintiff may be attempting to bring negligence claims. If so, in order for this court to adjudicate Plaintiff's claims, there must be diversity of citizenship and more than $75,000 in controversy.  In this case, Plaintiff and the named defendants seem to be citizens of the same state thus precluding diversity jurisdiction.  Alternatively, Plaintiff may assert a federal claim.

<u>CONCLUSION</u>

Based on the foregoing, this Court RECOMMENDS that the district court DISMISS the Complaint with leave to amend and DENY the Application as moot WITHOUT PREJUDICE.  Plaintiff shall not file a proposed first amended complaint and application to proceed in district court without prepaying fees and costs until the district court issues its ruling.  If Plaintiff is granted leave to amend, Plaintiff must do so before the deadline set by the district court.

Plaintiff's Memoranda--filed on December 27, 2020 (ECF No. 4), December 28, 2020 (ECF No. 6) and January 4, 2021 (ECF No. 7)--shall be stricken from the record.

The Rule 16 telephonic scheduling conference set for 9:00 a.m. on February 8, 2021 is continued to March 15, 2021 at 9:00 a.m.

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 29, 2021.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00540 ACK-RT; *Raquinio v. Koanaiki Resort, et al.*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed In Forma Pauperis