IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE RAQUINIO, | CIV. NO. 20-00540 ACK-RT |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |
| vs. | |
| KOANAIKI RESORT, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS FIRST
AMENDED COMPLAINT AND ORDER DENYING PLAINTIFF'S
<u>APPLICATION TO PROCEED IN FORMA PAUPERIS</u>

Before the Court is Plaintiff Noe Raquinio's Application to Proceed in

District Court Without Prepaying Fees or Costs ("Second Application"), filed on

March 9, 2021.  ECF No. 12.  The Court elects to decide this matter without a

hearing pursuant to Local Rule 7.1(c) of the Local Rules of Practice for the United

States District Court for the District of Hawaii.

After careful consideration of Plaintiff's Second Application, the First

Amended Complaint, record in this case, and applicable law, this Court

RECOMMENDS DISMISSAL of the First Amended Complaint (ECF No. 15)

without leave to amend and DENIES Plaintiff's Second Application for lack of

subject matter jurisdiction as set forth below.

DISCUSSION

On February 16, 2021, the district court adopted (ECF No. 10) this Court's Findings and Recommendations to Dismiss Complaint and Deny Application to Proceed In Forma Pauperis ("F & R") (ECF No. 9).  The Plaintiff's first Application to Proceed in District Court Without Prepaying Fees or Costs ("First Application") (ECF No. 2) was denied, and Plaintiff was granted leave to amend the Complaint[1] (ECF No. 1).  In the F & R, this Court informed Plaintiff to "consider whether federal or state court is the proper forum for Plaintiff's claims."

---

[1] While review of the First Application and original Complaint (ECF No. 1) was pending, Plaintiff filed several documents titled Plaintiff [sic] Memorandum of Law (ECF Nos. 4, 6 & 7) and a Complaint (ECF No. 5).  It is not clear whether Plaintiff intended the Complaint (ECF No. 5) to be an amendment to the original Complaint because the filing did not identify the defendant(s) (other than in the caption) and did not contain a statement of venue or jurisdiction.  However, the Complaint (ECF No. 5) alleged enumerated claims and alleged damages, and could have been construed as an amendment to the original Complaint made as a matter of course pursuant to Fed. R. Civ. P. 15(a).  This Court did not consider the Complaint (ECF No. 5) when issuing its F & R and denying the First Application.  Nevertheless, the Complaint (ECF No. 5) has the same deficiency as the original Complaint (ECF No. 1) in that the Complaint (ECF No. 5) failed to establish that this Court has jurisdiction over this action.  The Complaint (ECF No. 5) is silent on the issue of jurisdiction and thus, the rules require that the Complaint (ECF No. 5) be dismissed.  See Fed. R. Civ. P. 12 ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").
    The Complaint (ECF No. 5) will not be considered in reviewing the Second Application.  The deadline for an objection on the F & R pursuant to LR74.1 and reconsideration on the F & R pursuant to LR60.1 has passed.  Further, Plaintiff did not seek review of the Complaint (ECF No. 5) when Plaintiff was granted leave to amend.  Instead, Plaintiff elected to file a First Amended Complaint (ECF No. 15), which this Court construes to be the operative complaint in this case.

ECF No. 9 at PageID #: 54.  This Court also reminded Plaintiff that "[f]ederal courts have limited subject matter jurisdiction." Id.  Because the Complaint alleged negligence and no viable federal claim was asserted, this Court reminded Plaintiff that in order to adjudicate the claims in federal court, "there must be diversity of citizenship and more than $75,000 in controversy." Id.  This Court cautioned Plaintiff that the "Plaintiff and the named defendants seem to be citizens of the same state thus precluding diversity jurisdiction." Id.

On March 9, 2021, Plaintiff filed the Second Application and on March 12, 2021, Plaintiff timely filed a First Amended Complaint for a Civil Case Alleging Negligence (ECF No. 15).  In the First Amended Complaint, Plaintiff names Koanaiki Resort as the sole Defendant.

In the Second Application, Plaintiff again requests to proceed in forma pauperis.  Pursuant to 28 U.S.C. § 1915(a)(1), this Court may authorize a civil proceeding without prepayment of fees by a person who submits an affidavit stating that the person is unable to pay such fees.  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948)) (citation and internal quotations omitted).  The litigant "need not be absolutely destitute[,] . . . but must allege poverty with some particularity, definiteness and

certainty." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citations and internal quotations omitted).

When a request to proceed in forma pauperis is made, the Court must subject each action to a mandatory screening. The Court must dismiss the case if the court determines that "the allegation of poverty is untrue[,]" or "the action . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or [ ] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Further, subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (citation omitted). "[I]f jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'" Id.

Federal district courts have jurisdiction when the action involves a federal question or diversity jurisdiction exists. 28 U.S.C. § 1331; 28 U.S.C. § 1332. Thus, a pleading must contain "a short and plain statement of the grounds for the

court's jurisdiction . . . " Fed. R. Civ. P. 8(a)(1).  The First Amended Complaint does not contain a statement of jurisdiction; however, it does discuss the amount in controversy.  "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." Edlridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).  "It is settled law that the allegations of [a pro se litigant's complaint], 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . '" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Thus, although there is no clear statement of jurisdiction, the information Plaintiff provided in the First Amended Complaint shall be carefully evaluated and liberally construed to determine whether federal question or diversity jurisdiction exists.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First National Bank, 299 U.S. 109, 112-13 (1936)).  Even construing the First Amended Complaint liberally, Plaintiff has not stated any allegations that would

support a finding of federal question jurisdiction.[2]  As such, the Court now turns to whether diversity jurisdiction exists.

A federal court has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) (citation omitted).  Jurisdiction depends on the state of things at the time the action was brought.  Id. at 1236 (citations and

_____

[2] Plaintiff's First Amended Complaint is difficult to read.  Under the Statement of Claim section (ECF No. 15 at PageID #: 71), the Court reads the first paragraph as follows:

> Failure to protect and individual and be present with a Resort security or administration, manager to oversee the actions taking place on their property.

The Court reads the second paragraph as follows:

> Taking reasonable action to asses and control there [sic] property and my rights to certain protections that Resort is responsible for.  Protect from Bodily Injuries, Physical and mental abuse factor.

Under the Relief section (ECF No. 15 at PageID #: 71-72), the Court reads the paragraph as follows:

> Under the Hawaii State Laws (Premise Liability) If [sic] the resort was present then the actions and excessive force would not occur, therefore the event wouldn't have taken place.

quotations omitted).  In a diversity action, the plaintiff "should be able to allege affirmatively the actual citizenship of the relevant parties."  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  In this case, Plaintiff does not explicitly allege the citizenship of each party.  However, based on the information Plaintiff provided, it does not appear that there is diversity of citizenship between the Plaintiff and Defendant.

The Ninth Circuit requires this Court to "'provide a pro se litigant with notice of the deficiencies in his or her complaint' to ensure that the litigant uses the opportunity to amend effectively."  <u>Eldridge</u>, 832 F.2d at 1136 (citing <u>Noll v. Carlson</u>, 809 F.2d 1446 ,1448 (9th Cir. 1987)).  "While a statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs, district courts must at least draft a few sentences explaining the deficiencies."  <u>Id.</u> (citing <u>Noll</u>, 809 F.2d at 1448-49).

In denying Plaintiff's First Application, this Court granted Plaintiff leave to file an amended complaint and informed Plaintiff of the jurisdictional deficiencies that needed to be cured.  ECF No. 9.  In the F & R, this Court carefully explained that federal courts are of limited subject matter jurisdiction where either federal question or diversity of citizenship jurisdiction must be established prior to moving forward.  ECF No. 9 at PageID#: 54.  This Court notified Plaintiff that it appeared that the parties are citizens of the same state and informed Plaintiff that this would

preclude diversity jurisdiction.  Id.  Nevertheless, Plaintiff did not cure the

deficiency.  Based on the information Plaintiff provided in the First Amended

Complaint, it appears that Plaintiff is a citizen of the State of Hawaii and the sole,

named Defendant, Koanaiki Resort, is also a citizen of the State of Hawaii.  It is

clear that based on the named parties and information provided, Plaintiff is unable

to meet the requirements of diversity of citizenship even if granted another

opportunity to amend.  Accordingly, this Court finds that dismissal is appropriate.

Federal Courts are presumed to lack subject matter jurisdiction, and the

plaintiff bears the burden of establishing that subject matter jurisdiction is proper.

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citing McNutt v.

General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)).  Pursuant to Fed.

R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject

matter jurisdiction, the court must dismiss the action."  Further, before dismissal of

a pro se complaint, the district court should generally give a pro se litigant leave to

amend the complaint and a statement explaining the complaint's deficiencies.  See

Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1989).

In this case, the Court explained the deficiency in its F & R and Plaintiff was

granted leave to amend when the Court issued its F & R denying the First

Application.  Plaintiff was thus given notice and the opportunity to amend.  Indeed,

on March 12, 2021, Plaintiff filed the First Amended Complaint.  ECF No. 15.

The Ninth Circuit does not require further leave to amend where the deficiencies cannot be cured by amendment.  Id. at 623; Sylvia Landfield Tr. v. City of Los Angeles, 729 F.3d 1189, 1196 (9th Cir. 2013).  Although Plaintiff was granted leave to amend the original Complaint, no further leave should be granted as Plaintiff is unable to cure the lack of jurisdiction and thus, further amendment would be futile.

CONCLUSION

This Court FINDS that it lacks subject matter jurisdiction and because this deficiency cannot be cured by amendment, this Court RECOMMENDS that Plaintiff's First Amended Complaint be DISMISSED without leave to amend. This Court further RECOMMENDS that this action be DISMISSED without prejudice.

Because this Court lacks jurisdiction, it is hereby ORDERED that Plaintiff's Second Application be DENIED.

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED AND SO ORDERED.

DATED:  Honolulu, Hawaii, May 14, 2021.



   /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00540 ACK-RT; Noe *Raquinio v. Koanaiki Resort*; Findings and
Recommendation to Dismiss First Amended Complaint and Order Denying
Plaintiff's Application to Proceed in Forma Pauperis